1

2

3

4

5

6

7

8

The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUSAN MARIE DUNAGAN and CHRISTOPHER DUNAGAN, a marital community,<br><br>        Plaintiffs,<br><br>    v.<br><br>I-FLOW CORPORATION,<br><br>        Defendant. | NO. C10-5083 RBL<br><br>STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE CONFIDENTIALITY OF DOCUMENTS AND MATERIALS |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

        Pursuant to the Federal Rules of Civil Procedure, the Defendant, I-Flow Corporation

and the Plaintiffs, Susan Marie Dunagan and Christopher Dunagan, parties in the above-

captioned action ("parties"), agree to the following Stipulated Qualified Protective Order to

facilitate the exchange of discoverable information and, in particular, governing the non-

disclosure of those portions of Discovery Materials that have been designated as Confidential

or Trade Secret, or contain individually identifiable health information.   Unless modified

pursuant to the terms contained in this Order, this Order shall remain in effect.

        1.        WHEREAS documents or information containing personal medical information,

confidential   or   proprietary   business   information   and/or   trade   secrets   ("Confidential

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 1
(C10-5083 RBL)

2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Information") that bear significantly on the claims or defenses of Plaintiffs Susan Marie Dunagan and Christopher Dunagan, as well as Defendant I-Flow Corporation ("I-Flow") are likely to be disclosed or produced during the course of discovery in this litigation;

2.     WHEREAS I-Flow asserts that public dissemination and disclosure of Confidential Information could severely injure or damage I-Flow and would place the Defendant at a competitive disadvantage; and

3.     WHEREAS entry of an Order controlling access to and dissemination of Confidential Information will protect the respective interests of the parties and facilitate the progress of disclosure and discovery in this case,

**IT IS HEREBY STIPULATED:**

1.     As used in this Order, the term "Confidential Discovery Material" means documents and other information provided in the course of discovery of this action that are designated as **"Confidential"** or **"Trade Secret"** pursuant to the terms of this Order.  The term documents as used herein shall be interpreted broadly to encompass hard-copy and imaged documents as well as electronically stored information ("ESI") of any type.

2.     Any person subject to this Order who receives any Confidential Discovery Material in the course of discovery in this action shall not disclose such confidential discovery material to anyone else except as expressly permitted by this Order.

3.     Documents or other discovery material may be designated as **"Confidential"** or **"Trade Secret"** only to the extent that it consists of or includes trade secret or confidential research, development, competitive, proprietary or commercial information and may include financial information, information relating to ownership or control of any non-public company,

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 2
(C10-5083 RBL)

2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

and any information protected from disclosure by any privacy or other law or governmental regulation, as well as any other type of information given confidential status by the Court.

4.      The parties agree that such confidential information as described in paragraph 3 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those involved in the prosecution or defense of this case, or any other case in which counsel for Plaintiffs and Defendant appear.

5.      The parties shall only designate materials as "Confidential" or "Trade Secret" to the extent they believe, in good faith, they warrant such a designation pursuant to the Federal Rules of Civil Procedure and interpretive case law.

6.      With respect to the confidential or trade secret portion of any documents or material, other than deposition transcripts and exhibits, the producing party may designate the document as confidential discovery material by stamping or otherwise clearly marking the document as **"Confidential"** or **"Trade Secret"** in such a manner that will not interfere with legibility or audibility.

7.      With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for Confidential Discovery Material, in which case the transcript of the question or answer shall be bound in a separate volume and marked **"Confidential"** by the court reporter. Alternatively, the party may designate information disclosed at deposition as confidential by notifying the other party(ies) in writing within thirty (30) days of receipt of the transcript of the specific pages and lines which are to be designated confidential. During such thirty (30) day period, the entire transcript shall be treated as confidential. For convenience, the

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 3
(C10-5083 RBL)
2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

parties may agree that entire deposition transcripts shall be treated as confidential discovery material.

8.      Third parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Order as if they had stipulated to it at the time of entry.  Such third parties must state their agreement to be bound by this order in writing.  Such third party(ies) shall be limited to supplying parties only.

9.      Documents and information produced by a third party shall be treated as Confidential Discovery Material for thirty (30) calendar days after production, in order to allow the parties to review and assess the documents and information for confidentiality and designation.

10.     If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as Confidential Discovery Material, the party may so designate by advising all other parties in writing.  The designated documents or material will thereafter be treated as Confidential Discovery Material pursuant to this Order.  Upon receipt of such designation in writing, the parties and other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of the discovery material about the protected status of the newly designated Confidential Discovery Material and to retrieve the newly designated Confidential Discovery Material from any person who is not permitted by this Order to have Confidential Discovery Material.

11.     Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 4
(C10-5083 RBL)

2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

protection, provided that the producing party notifies the receiving party in writing as soon as it confirms such inadvertent production. Copies of such inadvertently produced privileged and/or protected document(s) shall be returned to the producing party or destroyed immediately upon notice of privilege and any information regarding the content of the document(s) shall be deleted from any litigation support or other database and is forbidden from disclosure and forbidden from use in this action or for any other reason at all. Any party or individual having inadvertently received privileged or protected information need not wait for notice from the producing party before complying with the above and is expected to comply with the requirements of this paragraph as soon as it is known or should be known, that the document and information contained therein, is privileged and/or protected. The parties shall have the benefit of all limitations on waiver afforded by Federal Rules of Evidence 502. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

12. Any party may, within ten (10) business days after notification of the inadvertent disclosure under paragraph 11, object to the claim of inadvertence by notifying the designating or producing party in writing of that objection and specifying the designated or produced material to which objection is made. Only in the event of such a dispute may the receiving party(ies) sequester and retain a single copy of the claimed protected materials for the sole purpose of seeking court determination of the issue. The parties shall confer within five days of service of any written objection. If the objection is not resolved, the designating party shall, within three (3) days of the conference, file and serve a motion to resolve the dispute. If

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 5
(C10-5083 RBL)
2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

a motion is filed, information subject to dispute shall be treated consistently with the designating or producing party's most recent designation until further Order of this Court.

13.     No person subject to this Order other than the designating party shall disclose any Confidential Discovery Material to any other person, except as follows:

(a)     counsel for the parties in this action, or in any other action in which counsel for Plaintiff appears, including any paralegal, clerical, and other staff employed by counsel for work on this action or any other action in which counsel for Plaintiff appears;

(b)     With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

(c)     Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this order; However, if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged in the research, development, manufacture or sale of any product that competes with or is similar to any products researched, developed, manufactured or sold by I-Flow Corporation, including but not limited to I-Flow's ON-Q® PainBuster®, the party seeking the testimony must first notify Counsel of the party disclosing the confidential material and wait ten (10) business days, to provide an opportunity for a separate motion or objection, before disclosing the confidential material to

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 6
(C10-5083 RBL)
2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

said witness; if a motion or objection be filed, no disclosure will occur until the Court has rendered a decision on the motion or objection;

(d)     Any person retained by a party to serve as an expert consultant or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached;

(e)     Attorneys who are actually involved in the prosecution of a similar claim in which it is alleged that an I-Flow pain pump caused and/or contributed to the development of chondrolysis.  Plaintiffs' counsel shall provide to counsel for I-Flow Corporation a list of counsel with whom it seeks to share Confidential Materials, including the style, case number, and court in which any similar claim is pending.   Within ten (10) days, I-Flow Corporation shall notify Plaintiff's counsel whether they object to any person(s) on the list.  Plaintiff will not share with any party in order to permit I-Flow Corporation to file an appropriate protective order in a court of competent jurisdiction.  Failure to file such an order within fourteen (14) days shall be deemed a waiver of said objection.   No recipient of "Confidential" documents, other than Plaintiff's counsel in the above-captioned case, may further disseminate or share any "Confidential" documents or the content thereof;

(e)     Insurers and indemnitors to the extent reasonably necessary to defend and evaluate the claims;

(f)     Official court reporters; and

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 7
(C10-5083 RBL)

2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

(g)      The court, mediators, and support personnel.

14.      Prior to any disclosure of Confidential Discovery Material to any person referred to in subparagraphs (c) or (d) of paragraph 10 above, the person shall be provided by counsel with a copy of this protective order and shall sign a non-disclosure agreement in the form attached as Exhibit 1 hereto.  The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms.  All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them.  At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure agreements, but nothing in this Order is intended to modify or shift any burden of proof or privilege relating to the motion or authorize discovery of experts or their identities.

15.      Any party wishing to file any Confidential Discovery Material with the Court, including any portion of a court paper that discloses confidential discovery material, shall file the documents separately "under seal" or as otherwise directed by the Court under applicable law, local rule or convention.  When filing a motion, the filing party will cite to the Court the grounds for filing the Confidential Discovery Material under seal.  The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law.

16.      Any party objecting to any designation of confidentiality or trade secret, or requesting further limits on disclosure (such as "attorney eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection or

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 8
(C10-5083 RBL)

2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

request. If agreement cannot promptly be reached, the dispute will be submitted to the Court. Until a dispute is resolved, the material designated as **"Confidential"** or **"Trade Secret"** shall remain as Confidential Discovery Material pursuant to this Order.

17.     The Court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the Court.

18.     Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

19.     This Order shall survive the termination of this action. Within thirty (30) days of the final disposition of this action, all Confidential Discovery Material, and all copies, shall promptly be returned to the producing party or, with the permission of the producing party, be destroyed; however, if objections to confidentiality are then asserted, return of the Confidential Discovery Material shall depend upon final resolution of the objections. Attorney-client privileged and work product materials need not be disclosed to other parties after termination of this action. Counsel for Plaintiff, however, need not return documents to the extent they have other Pain Pump cases against I-Flow Corporation, or if the documents are in use by any other Plaintiffs' counsel with a pending case, or by further agreement with counsel for I-Flow Corporation. Such documents shall be maintained by counsel for Plaintiffs, and will be returned to counsel for I-Flow Corporation upon conclusion of pain pump cases against I-Flow Corporation.

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 9
(C10-5083 RBL)
2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

20.     The Court shall retain jurisdiction over all persons and parties subject to this Order to the extent necessary to modify this Order, enforce its obligations, or to impose sanctions for any violation.

21.     Nothing in this Order shall prevent any party from seeking further or additional protection, or removing protection, for Confidential Discovery Material.

22.     The parties to this action and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, and privilege, are reserved, and that all objections to admissibility may be asserted at the time of trial of any action in which Confidential Material is used or offered.

23.     Additional parties may be added to this action as allowed under the applicable Rules of Civil Procedure.  Before receiving Confidential Discovery Material, a new party must agree to be bound by the terms of this Order as if the party had stipulated to it at the time of entry.  No newly added party shall have access to Confidential Discovery Material until the party is subject to the terms of this Order.

24.     The defendants may designate any documents or other discovery material as **"Trade Secret"** by stamping or otherwise clearly marking as **"Trade Secret"** the protected material in a manner that will not interfere with the legibility or audibility.  Any discovery material designated as **"Trade Secret"** shall be treated in all respects as Confidential Discovery Material.

25.     This Order shall not apply to, or restrict Confidential Discovery Material used at the time of trial as evidence.  Protection of Confidential Discovery Material at trial may be addressed by the Court as a separate matter upon the motion of any party.  The provisions of

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 10
(C10-5083 RBL)

2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

this Order shall not prejudice the rights of the parties with respect to the use or protection of Confidential Discovery Material at trial.

26.     This Stipulated Qualified Protective Order is intended to comport with the requirements of the Health Insurance Portability and Accountability Act ("HIPPA").   Any identifiable health information shall be automatically deemed "Confidential" and shall be treated as confidential discovery material under the terms of this order, without being stamped "Confidential" by the producing party.   Nothing in this order shall prevent a party from objecting that documents do not contain individually identifiable health information, or are not otherwise subject to the requirements of HIPPA.   In addition to the other requirements of this Stipulated Qualified Protective Order, such documents shall be used solely for the purpose of pursuing, defending, or resolving this litigation and shall be returned to the producing party, or if the information pertains to a plaintiff, this it shall be returned to that plaintiffs' counsel, including all copies or duplicates, within 30 days of this litigation.

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 11
(C10-5083 RBL)
2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    IT IS SO STIPULATED:

2    DATED this 19th day of November, 2010.

3    s/ Arissa M. Peterson, WSBA #31875          s/ Michael W. Young
4    Eric J. Neiman, WSBA #14473                  Pro hac vice
     Attorneys for Defendant I-Flow Corporation   Michael W. Young
5    WILLIAMS, KASTNER & GIBBS PLLC               PARSONS BEHLE & LATIMER
     601 Union Street, Suite 4100                 PO BOX 11898
6    Seattle, WA  98101-2380                       201 S Main St., Suite 1800
     Telephone:  (206) 628-6600                    Salt Lake City, UT 84147-0898
7    Fax:  (206) 628-6611                          Ph:      801-532-1234
     Email:  apeterson@williamskastner.com         Email: ecf@parsonsbehle.com
8                                                  Attorneys for Plaintiffs

9
     Phillip Mark Crane (pro hac vice)             Lance Palmer
10   SEGAL MCCAMBRIDGE SINGER &                    KRAFT PALMER DAVIES PLLC
     MAHONEY                                       1001 Fourth Avenue, Suite 4131
11   33 S. Wacker Drive, Suite 5500                Seattle, WA 98154-1127
     Chicago, IL  60606                            Ph:      206-624-8844
12   Ph:      (312) 645-7805                        Email: LEP@admiralty.com
     Fax:     (312) 645-7711
13   Email:  mcrane@smsm.com

14   Attorneys for Defendant                       Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 12
(C10-5083 RBL)

2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## ORDER

IT IS SO ORDERED:


DATED this 22nd day of November, 2010.



RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:


s/ Arissa M. Peterson
Arissa M. Peterson, WSBA #31875
Eric J. Neiman, WSBA #14473
Attorneys for Defendant I-Flow
Corporation
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email:  apeterson@williamskastner.com

Phillip Mark Crane (*pro hac vice*)
SEGAL MCCAMBRIDGE SINGER &
MAHONEY
33 S. Wacker Drive, Suite 5500
Chicago, IL  60606
Ph:     (312) 645-7805
Fx:     (312) 645-7711
Email:  mcrane@smsm.com
Attorney for Defendant

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 13
(C10-5083 RBL)

2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

The Honorable Ronald B. Leighton

2

3

**EXHIBIT 1**

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

SUSAN MARIE DUNAGAN and
CHRISTOPHER DUNAGAN, a marital
community,

NO. C10-5083 RBL

10

11

Plaintiffs,

ACKNOWLEDGEMENT OF
STIPULATED QUALIFIED
PROTECTIVE ORDER

12

v.

13

I-FLOW CORPORATION,

14

Defendant.

15

16

I, _____, acknowledge that I have read and understand

17

the Stipulated Qualified Protective Order in this action governing the non-disclosure of those

18

portions of Discovery Material that have been designated as Confidential or Trade Secret, or

19

contain individually identifiable health information.   I agree that I will not disclose such

20

Discovery Material to anyone other than for purposes of this action and that at the conclusion

21

of the action I will return all such Discovery Material to the party or attorney from whom I

22

received it.   By acknowledging these obligations under the Stipulated Qualified Protective

23

Order, I understand that I am submitting myself to the jurisdiction of the United States District

24

Court of the Western District of Washington at Tacoma, for the purpose of any issue or dispute

25

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 14
(C10-5083 RBL)

2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Signed this the _____ day of _____, 2010.

Signature

Name

Address

STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING THE
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS - 15
(C10-5083 RBL)

2989143.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600